UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 17 cv 3788 |
| v. | ) |
| | ) Magistrate Judge Susan E. Cox |
| CITY OF CHICAGO, a municipal Corporation; | ) |
| Officers KENT ELMER; MARK EVANS; | ) |
| MICHAEL KOSZOLA; SERGIO HERRERA; | ) |
| DAVID CAREY; TIMOTHY LARMON; JOHN | ) |
| BOZEK II; DUANE GORDON; NICK KAKOS; | ) |
| SERGIO SIMENTAL; THOMAS OAKES; and | ) |
| UNKNOWN CHICAGO POLICE OFFICERS; | ) |
| COOK COUNTY SHERIFF THOMAS DART; | ) |
| and COOK COUNTY, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Currently before the Court is Plaintiff's "Motion to Withdraw Settlement Agreement" [dkt. 79], arising out of this Court's settlement conference on January 23, 2018, where the case settled between the Plaintiff and the City Defendants, but continued as to the County Defendants [dkt. 66].[1] Within his Motion with Withdraw Settlement Agreement, Plaintiff has also asked the Court to appoint him a new attorney [dkt. 79, para. 13] because his previous court-appointed attorney, Kristin M. Case, was allowed to withdraw from her representation of Plaintiff on April 24, 2018 [dkt. 75]. The Court does not believe it has jurisdiction to rule on these motions and instead issues this Report and Recommendation.[2]

A settlement agreement is a contract and is governed by principles of contract law; thus, as long as there is an offer, an acceptance, and a meeting of the minds, a settlement agreement is enforceable

---

[1] On January 25, 2018, the district judge held a status hearing and ruled, *inter alia*, that "[b]y agreement, defendants City of Chicago and all individual officers, Kent Elmer, Mark Evans, Michael Koszola, Sergio Herrera, David Carey, Timothy Larmon, John Bozek II, Duane Gordon, Nick Kakos, Sergio Simental, and Thomas Oakes are dismissed from this case" [dkt. 67].

[2] Plaintiff did not notice up his Motion to Withdraw Settlement Agreement [dkt. 79], but as there is still an open referral to Judge Cox for settlement purposes [dkt. 43], the Court believes this Report and Recommendation falls within the purview of that referral.

and binding. *See K4 Enterprises, Inc. v. Grater, Inc.*, 394 Ill. App. 3d 307, 313 (1st Dist. 2009). In this case, the Court spent several hours with the Plaintiff, and believes the Plaintiff was able to fully appreciate that there was a settlement offer and an acceptance of that offer, such that there was a meeting of the minds sufficient to create a valid, enforceable settlement agreement. Plaintiff was ably represented by counsel, who communicated to Plaintiff the risks of litigation and likelihood of success on the merits of his claims, and he was fully apprised of those factors before entering into the settlement agreement. Plaintiff vigorously and vociferously participated in the settlement conference at all times, and appeared fully aware of the nature of the agreement the mediation was attempting to reach. At no point did the Court believe that he was incapable of entering into a settlement agreement. At the end of the settlement conference, Plaintiff agreed to the terms offered by the City Defendants. In fact, the Court's notes for the settlement conference reflect that Plaintiff personally accepted the City's offer and both Judge Cox and Ms. Case confirmed this acceptance with Plaintiff.

Plaintiff has raised two issues with the settlement agreement. First, he claims that his representation was not adequate. The Court disagrees. The Court, having spent several hours with both the Plaintiff and his counsel, believes counsel did a thorough job representing Plaintiff's interests at the settlement conference. Second, Plaintiff claims he was under duress due to "confusion and emotional state at the time of the conference" and that "after analysis and resting" he wished to withdraw from the settlement agreement [dkt. 79, paras. 4, 6]. As noted above, there was nothing that occurred at the settlement conference that gave the Court any indication that Plaintiff was overly confused, inappropriately emotional, or incapacitated in any way, and he engaged actively in the mediation process throughout the entirety of the settlement conference. Although Plaintiff was frustrated that the City's final settlement offer was not for more money, the Court believes Plaintiff was made acutely aware, by both Judge Cox and Ms. Case, that a settlement is a compromise of a claim and the settlement decision was his alone to make in light of the risks of litigation and likelihood of success on the merits of his

2

claims; the Court believes Plaintiff was fully apprised of those factors before entering into the settlement agreement. Plaintiff was also aware that his civil litigation would continue against the County Defendants if he settled with the City Defendants. In short, the Court believes there was a settlement offer, acceptance of that offer, and a meeting of the minds sufficient to form a valid and enforceable settlement agreement. The Court therefore recommends Plaintiff's Motion to Withdraw Settlement Agreement [dkt. 79] be denied.

The Court defers to the District Judge to determine the propriety of appointing a second attorney as settlement assistance counsel for Plaintiff in light of the parties' current litigation stance and the fact the Court does not believe another settlement conference would be fruitful in this matter. The Court does not reach the issue of appointment of replacement counsel because there is no referral to Judge Cox regarding such motion.

Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.

Entered: 5/23/2018

_____

U.S. Magistrate Judge, Susan E. Cox